# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DOMINIC LOVE,**

        Petitioner,

    v.                             CASE NO. 09-3262-RDR

**SAM CLINE, WARDEN,**

        Respondent.

## O R D E R

      This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has also filed an Application to Proceed in forma pauperis, and a motion for appointment of counsel. Having considered the materials filed, the court finds as follows.

      As factual background, Mr. Love alleges that he was convicted in 1993 in Shawnee County, Kansas, of 2nd degree murder and conspiracy to commit 1st degree murder, and sentenced to concurrent terms of 15-40 years and 5-20 years; and that after several passes he was conditionally released by the KPB on February 1, 2008. He also alleges he "was returned to the KDOC on December 29, 2008", and is serving a violator term following a "technical violation" of his supervised release "filed by the Division of Community and Field Services Managment (sic)".

      Mr. Love claims that K.S.A. § 22-3717, as amended, limits the length of the parole violator term that can be imposed for a technical violation to 90 days from the date of the final revocation hearing, that the KPB is arbitrarily ignoring this statutory provision in some but not all cases, and that he is being required

to serve a 3-year violator term, which is beyond the statutory limit.  Mr. Love challenges "the unconstitutional application of K.S.A. 22-3717."  He asserts that the Kansas Parole Board (KPB) is violating his "procedural due process" and "equal protection rights" and causing him to be subjected to "cruel and unusual punishment".  The court is asked to order an evidentiary hearing or his release from custody, and to declare that the KPB has violated his constitutional rights.

**IN FORMA PAUPERIS MOTION**

Petitioner has filed an Application to Proceed in forma pauperis (Doc. 2).  However, this document is not complete.  28 U.S.C. § 1915 requires that a prisoner seeking to bring an action in federal court without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a), and petitioner will be given time to submit a proper motion that is supported with an inmate account statement as required by statute.  This action may not proceed until Mr. Love has submitted a motion that conforms to the requirements of Section 1915(a).

**MOTION TO APPOINT COUNSEL**

Petitioner's motion to appoint counsel shall be denied, without prejudice. There is no constitutional right to appointment of counsel in federal habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Instead, the matter is within the court's discretion. See Swazo v. Wyoming DOC State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994). Petitioner appears capable of presenting the facts in support of his claims. The court is not convinced that appointment of counsel is necessary in this case at this juncture. See Long v. Schilllinger, 927 F.2d 525, 526-27 (10th Cir. 1991). Petitioner may renew this motion at a later time in these proceedings, if the matter survives screening.

**EXHAUSTION OF STATE REMEDIES**

Even though § 2241 does not contain an express exhaustion requirement like 28 U.S.C. § 2254, the Tenth Circuit has held that exhaustion of state remedies is generally required in actions arising under § 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)); see also Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986). "The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). It follows that Mr. Love is required to demonstrate that he has properly exhausted all administrative remedies as well as all state court remedies before his claims will be considered in federal habeas corpus proceedings. This means he must have raised all his claims, as presented herein, on administrative appeal from

3

any challenged KPB decisions. Furthermore, he must have litigated all his claims by filing a motion in the appropriate Kansas county district court and appealing any denial of that motion to the Kansas Court of Appeals and the Kansas Supreme Court, if necessary.

Mr. Love does not allege sufficient facts indicating he has fully and properly exhausted all administrative remedies, and alleges no facts indicating he has exhausted all judicial remedies available in the State on his claim. He will be given time to demonstrate that he has fully and properly exhausted all available state remedies. If he fails to satisfy the statutory prerequisites for proceeding in forma pauperis and/or to show exhaustion of state remedies within the time allotted, this action may be dismissed without prejudice as a result and without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to file a proper motion for leave to proceed in forma pauperis on forms provided by the court including a certified statement of his inmate account for the requisite six-month period, and to demonstrate that he has fully exhausted state administrative and state court remedies on all his claims.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

The clerk is directed to send petitioner forms for filing an in forma pauperis motion.

**IT IS SO ORDERED.**

**DATED: This 11TH day of January, 2010, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
                                        **United States District Judge**